## Case No. 17,563.

### WHITEHEAD v. JONES.

[2 McLean, 28.][1]

Circuit Court, D. Michigan. Oct. Term. 1839.

NOTICE OF PROTEST—EVIDENCE.

1. The indorsement of a clerk, in the office of a notary. on the protest of a note for non-payment, that notice was duly served, is not evidence.

[1] [Reported by Hon. John McLean, Circuit Justice.]

2. The deposition of the clerk should have been taken.

3. The usages of an office, as regards the service of a notice, cannot make that evidence which is in itself not so.

McLEAN, Circuit Justice. This action is brought against the defendant as indorser, on a promissory note for the payment of one thousand dollars, at the Michigan State Bank. When the note became due it was proved, by the protest and statement of the notary, that, at maturity, it was presented to the bank, and payment demanded, but the note was not paid. The notary stated, it appeared from an indorsement on the protest, that regular notice was given to the indorser. That it was the uniform practice of his office to serve a personal notice, where the indorser lived in the city, or leave it at his residence or place of business. But he had no knowledge of notice being given in this case. The indorsement was made by one of his clerks, who gave the notice, he presumes, but who has left the state. The plaintiff, also, proved that the defendant, in conversations respecting the note frequently, stated no objections to the payment of it, except that it was usurious.

This evidence is clearly insufficient to charge the indorser. There was no admission, or waiver, on his part, of the notice; and there is no evidence that it was served. The indorsement of the clerk, on the protest (he being living), that due notice was given, does not prove the fact. Nor, under the circumstances, can the usages of the office, as stated by the notary, supply the defect. The deposition of the clerk, who is supposed to have served the notice, should have been taken. The indorser is not chargeable, except on strictly legal principles; and these principles cannot be relaxed.

The plaintiff suffered a nonsuit.